# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeremy Brown,**
**Plaintiff Below, Petitioner**

**vs) No. 19-0114** (Wood County 16-C-432)

**State Farm Mutual Automobile Insurance Company,**
**Defendant Below, Respondent**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeremy Brown, by counsel Brian J. Headley, appeals the Circuit Court of Wood County's January 9, 2019, order granting summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Respondent State Farm, by counsel R. Carter Elkins, filed a response, and petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal stems from a single vehicle automobile accident that occurred on October 23, 2015. At the time of the accident, petitioner alleges that he was a passenger in a 2009 Ford Taurus, insured by State Farm, that was being driven by his then-wife, Margaret Brown (hereinafter "Ms. Brown"). Contrary to petitioner's allegations, the West Virginia Uniform Traffic Crash Report indicates that he was actually the driver of the vehicle at the time of the accident.[1] As a result of the collision, the vehicle struck a guardrail, causing the guardrail to penetrate the cabin of the vehicle. Although the vehicle was equipped with air bags, the air bags did not deploy and petitioner was injured when he was struck in the head by the guardrail.

---

[1] Ms. Brown initially reported that she was the driver of the vehicle and that she was alone at the time of the accident. Later, she recanted that story and advised an investigating officer that Mr. Brown was driving at the time of the accident. Ms. Brown advised an investigating officer that she originally stated that she was driving because the car was owned by her mother, who would not have approved of petitioner driving the vehicle. Accordingly, the West Virginia Uniform Traffic Crash Report was amended to reflect that petitioner was the driver. Per the officer, petitioner's injuries were also consistent with the damage reflected on the driver's side of the car.

Respondent State Farm took possession of the vehicle after the accident. After inspecting the vehicle and taking pictures of it, State Farm sold the vehicle for scrap on or about December 31, 2015. At the time that the vehicle was sold by State Farm, petitioner had not retained counsel in connection with the underlying accident and there is no evidence in the record to suggest that State Farm received a request to preserve the vehicle. To the contrary, the record reflects that petitioner placed State Farm on notice of the claim *after* the vehicle was no longer in State Farm's possession.

On October 17, 2016, petitioner filed suit against Ms. Brown in the Circuit Court of Wood County.[2] In his complaint, petitioner alleged that Ms. Brown negligently operated the vehicle and crashed it into a roadside guardrail. After engaging in discovery, petitioner settled with Ms. Brown. The circuit court entered a partial dismissal order for the claims against Ms. Brown on November 1, 2018.

Prior to the settlement with Ms. Brown, petitioner filed an amended complaint naming State Farm as a defendant and asserting negligent and intentional spoliation of evidence claims against State Farm related to the destruction of the vehicle. Petitioner did not conduct discovery as to the spoliation claims in accordance with the court's scheduling order. Instead, petitioner's counsel alleges that he and counsel for State Farm informally agreed to stay discovery as to the spoliation claims until after the claims were resolved against Ms. Brown. State Farm's counsel concedes that counsel did discuss a stay of discovery, but maintains that the parties never reached such an agreement. Notably, counsel did not submit any joint motions or proposed orders to stay discovery or to vacate the scheduling order.

Respondent filed a motion for summary judgment and the circuit court conducted a hearing on the motion on December 11, 2018. The circuit court found that petitioner was unable to establish the required elements for his negligent spoliation or intentional spoliation claims. Thus, the circuit court entered a January 9, 2019, Judgment Order granting State Farm's motion for summary judgment. This appeal followed.

On appeal, this Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)."

---

[2] On October 20, 2017, petitioner also filed suit in the United States District Court for the Southern District of West Virginia, asserting product liability claims against numerous parties including Ford Motor Company (hereinafter "Ford"). Petitioner voluntarily dismissed the federal court action on January 31, 2018, shortly after petitioner learned that the vehicle was no longer available.

Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, syl. pt. 4. Additionally, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 3. Finally, we note that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995).

In Syl. Pt. 2, in part, *Hannah v. Heeter*, 213 W. Va. 704, 584 S.E.2d 560 (2003), this Court spelled out the elements necessary for a negligent spoliation claim:

> (1) the existence of a pending or potential civil action; (2) the alleged spoliator had actual knowledge of the pending or potential civil action; (3) a duty to preserve evidence arising from a contract, agreement, statute, administrative rule, voluntary assumption of duty, or other special circumstances; (4) spoliation of the evidence; (5) the spoliated evidence was vital to a party's ability to prevail in a pending or potential civil action; and (6) damages. Once the first five elements are established, there arises a rebuttable presumption that but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation. The third-party spoliator must overcome the rebuttable presumption or else be liable for damages.

Applying *Hannah*, the circuit court addressed the elements of negligent spoliation and found that "[t]he inability to meet any one of these elements is fatal to a claim for negligent spoliation of evidence." Initially, the circuit court addressed whether petitioner could demonstrate the existence of a pending or potential civil action. Citing a recent case from this Court, the circuit court found "'a pending or potential civil action' exists where the plaintiff has actually filed a claim, or where there is evidence objectively demonstrating the possibility that the plaintiff was likely to pursue a claim in the future." *Williams v. Werner Enters., Inc.*, 235 W. Va. 32, 39, 770 S.E.2d 532, 539 (2015).

It is undisputed that there was no pending civil action at the time that State Farm disposed of the vehicle, therefore the circuit court considered petitioner's argument that State Farm should have anticipated a potential civil action in this case because there was "a great deal of blood in the vehicle and the air bags allegedly did not deploy." Though petitioner generally contends that this

Court should presume that State Farm may have had knowledge of a "pending or potential civil action" at the time that it sold the vehicle, petitioner has not offered even a scintilla of evidence and has failed to meet his burden. As we held in syllabus point 2 of *West Virginia Department of Health & Human Resources Employees Federal Credit Union v. Tennant,* 215 W. Va. 387, 599 S.E.2d 810 (2004),

> "[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus Point 5, *Morgan v. Price,* 151 W.Va. 158, 150 S.E.2d 897 (1966).

Inasmuch as petitioner acknowledged that neither he nor anyone acting on his behalf gave notice to State Farm of his intention to file a civil action before the vehicle was sold by State Farm, "[t]he [c]ourt conclude[d] that State Farm did not have 'actual knowledge' of a pending or potential civil action when the Ford Taurus was sold on December 31, 2015."[3] We agree.

Further, consistent with *Hannah,* the circuit court considered whether State Farm owed a duty to petitioner to preserve the vehicle. A duty to preserve evidence for a pending or potential civil action may arise from a contract, an agreement, the statute or administrative rule, a voluntary assumption of duty or special circumstances. Here, the circuit court found that State Farm's contractual duty was to pay the policyholder and vehicle owner for the property damage claim in accordance with the collision coverage of the policy. The circuit court found that State Farm did not owe a duty to petitioner to preserve the vehicle.

Having found that petitioner failed to meet his burden on each of the elements of the negligent spoliation claim, the circuit court granted respondent's motion for summary judgment as to this cause of action. Applying a de novo review to the record on appeal, we agree with the circuit court and affirm the circuit court's grant of summary judgment on petitioner's negligent spoliation claim.

Petitioner also asserted an intentional spoliation claim against State Farm. In *Hannah*, this Court also addressed the requisite elements for an intentional spoliation claim, many of which mirror the elements of a negligent spoliation claim.

> The tort of intentional spoliation of evidence consists of the following elements: (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil

---

[3] In *Mace v. Ford Motor Co.*, 221 W.Va. 198, 204, 653 S.E.2d 660, 666 (2007), this Court looked to textbook definitions from *Black's Law Dictionary* of "actual knowledge" which requires "'direct and clear knowledge, as distinguished from constructive knowledge'" . . . and "actual notice" is "'[n]otice given directly to, or received personally by, a party.'"

4

action; and (7) damages. Once the first six elements are established, there arises a rebuttable presumption that but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation. The spoliator must overcome the rebuttable presumption or else be liable for damages.

213 W. Va. at 708, 584 S.E.2d at 564, syl. pt. 11.

Inasmuch as the circuit court appropriately found that petitioner failed to satisfy several elements of the negligent spoliation claim that mirror the elements of his intentional spoliation claim, the circuit court found that this claim also fails. We agree and affirm the circuit court's order granting summary judgment to State Farm on petitioner's intentional spoliation claim.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5